JAMES P. KRAUZLIS, ESQ.,
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
Our file: 07-H-535-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY,
a/s/o Sam Simeon, Inc.,

                        Plaintiff,

        - against -

AIR FRANCE CARGO,

                        Defendant.

07 Civ.        (    )

**COMPLAINT**

[STAMP: JUL 20 2007 U.S.D.C. S.D.N.Y. CASHIERS]

-----------------------------------------------------------------------x

        Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o Sam Simeon, Inc., by its attorneys, Badiak & Will, LLP, as and for its Complaint herein against the defendants, alleges upon information and belief as follows:

        1.     All and singular the following premises are true and constitutes claims involving the international transportation as defined in the Convention for the Unification of Certain Rules Relating to International Transportation by Air ("WARSAW Convention") and, as such, arises under a treaty of the United States and this Court has jurisdiction pursuant to 28 U.S.C. §1331 and/or involves a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 and/or arising under this Court's ancillary and/or pendent jurisdiction.

        2.     Plaintiff, FIREMAN'S FUND INSURANCE COMPANY (hereinafter referred to as "FFIC"), is and was at all times hereinafter mentioned a corporation organized and


existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 75 Wall Street, New York, New York 10005, and provided all risk cargo insurance covering the subject shipment hereinafter described.

3. Defendant, AIR FRANCE CARGO, (hereinafter referred to as "AIR FRANCE"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Cargo Building 9, 2nd Floor, Room 275, North Service Road, JFK International Airport, Jamaica, New York 11430, and is and was at all times hereinafter mentioned, a common carrier by air engaged in the international transportation of goods for hire and as a warehouseman and/or bailee of goods in storage awaiting on-carriage to destination.

## FIRST CAUSE OF ACTION

4. On or before July 16, 2005, at New Delhi, India, there was shipped by Wear Well India PVT Ltd., through a forwarding agent and indirect air carrier, Air Link India Limited and delivered or caused to be delivered to AIR FRANCE, as an international air carrier, a shipment consisting of four (4) parcels of ready made garments for carriage from New Delhi, India to Los Angeles, California, then being in good order and condition, and to be thereupon delivered to the plaintiff's assured, Sam Simeon, Inc.

5. Thereafter, defendant AIR FRANCE, failed to deliver the shipment at destination, Los Angeles, and continues in it's failure to deliver said shipment.

6. While defendant AIR FRANCE exercised dominion, possession, custody and control over said shipment it was pilfered, stolen and damaged and impaired in value, all in

violation of the duties and obligations of defendant AIR FRANCE owed to said shipment and plaintiff's assured.

7.  As a proximate result of defendant AIR FRANCE's breach of its obligations and duties as an international common carrier of goods by air, plaintiff's assured has been damaged in the amount of $15,400.80.

8.  Plaintiff's assured has performed all of the conditions required on it's part to be performed with regard to the obligations and duties of defendant AIR FRANCE with respect to the subject shipment.

9.  Plaintiff FFIC insured the subject merchandise against risk of loss in transit under a policy of insurance and was obligated to and did make payment to plaintiff's assured, Sam Simeon, for the loss hereinbefore described in the amount of $15,400.80.

10.  Accordingly, plaintiff FFIC is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant AIR FRANCE for the losses sustained to the subject shipment as aforesaid.

11.  Plaintiff has been damaged in the amount of $15,400.80 which amount, although duly demanded, has not been paid by defendant AIR FRANCE.

**SECOND CAUSE OF ACTION**

12.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

13.     Defendant AIR FRANCE has failed to exercise reasonable care in the handling and transit of the foregoing shipment. As a proximate result of defendant AIR FRANCE's failure to exercise reasonable care, all without negligence or fault on the part of the plaintiff, or its assured, plaintiff has been damaged in the amount of $15,400.80 which amount, although duly demanded, has not been paid.

### THIRD CAUSE OF ACTION

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13", inclusive, hereof with the same force and effect as if fully re-stated at length herein.

15.     The damage and loss to the aforementioned shipment was the direct and proximate result of defendant AIR FRANCE's reckless disregard for the safety of the shipment and/or willful misconduct and/or conversion and/or the reckless disregard for the safety of the shipment and/or willful misconduct on the part of an agent, servant, subcontractor and/or employee of defendant AIR FRANCE acting within the scope of their employment, all causing damage to the within shipment and damage to the plaintiff in the amount of $15,400.80.

16.     By virtue of the foregoing, plaintiff has been damaged in the amount of $15,400.80 which amount, although duly demanded, has not been paid.

WHEREFORE, plaintiff prays:

(a)     That process in due form of lay may issue against citing them to appear and answer all and singular the matters aforesaid;

(b) That if defendants cannot be found within this District, then all of their property within this District be attached in the sum of $15,400.80, with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment be entered in favor of plaintiff, Fireman's Fund Insurance Company, and against defendant Air France Cargo, in the amount of $15,400.80, with interest and the costs and disbursements of this action; and

(d) That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
       July 19, 2007

BADIAK &WILL, LLP
Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY

BY: _____
    James P. Krauzlis (JK-4972)